IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA YANEZ, | ) | |
|     Plaintiff, | ) | No. 2015-CV-8676 |
| | ) | |
|     v. | ) | Hon. Judge Shadur |
| | ) | |
| NEIGHBORHOOD ADJUSTERS, INC., NEIGHBORHOOD RESTORATION COMPANY, BM TAXES & ACCOUNTING, P.C., MICHAEL D. FLORES, ROBERT FLORES, AND BEATA NIEMIEC, | ) ) ) ) | Hon. Magistrate Judge Cox |
|     Defendants. | ) | |

**MOTION TO REINSTATE FOR LIMITED PURPOSE OF FINALIZING MATERIAL ASPECT OF SETTLEMENT AGREEMENT CONTEMPLATING CONFIDENTIALITY, AND MOTION FOR LEAVE TO FILE UNDER SEAL**

NOW COME Defendants NEIGHBORHOOD RESTORATION COMPANY ("NRC"), NEIGHBORHOOD ADJUSTERS, INC., MICHAEL FLORES, and ROBERT FLORES (collectively, "Defendants"), by and through their attorneys, SmithAmundsen, after first attempting to resolve issues with Plaintiff VANESSA YANEZ ("Yanez"), state as follows in support of their Motion to Reinstate for Limited Purpose of Finalizing Material Aspect of Settlement Agreement Contemplating Confidentiality, and Motion for Leave to File Under Seal:

**INTRODUCTION AND BACKGROUND**

The Parties have agreed on most aspects of settlement of this matter, though one key issue remains. In short: Defendants believe NRC may be subject to a legal obligation, whereas Yanez's counsel has threatened that any action by NRC under that legal obligation would constitute a breach of the Parties unsigned purported "binding and enforceable settlement agreement." A brief chronology of relevant and recent events helps to clarify this matter:

On **March 31, 2016**, the Parties reached an agreement as to the monetary aspect of settlement, though several key items remained outstanding. Prior to any settlement agreement

being finalized, Yanez's counsel filed a motion to dismiss, to be presented before the Honorable Judge Shadur on April 5, 2016. *See*, Dkt. 101, 102.

On **April 1, 2016**, in response to Yanez's motion to dismiss, Defendants' counsel advised that "[i]t's important that the parties agree to the full terms of the settlement before filing motions and moving forward." No settlement agreement had been executed.

On **April 5, 2016**, the Parties' counsel appeared before the Court and advised that settlement had been reached in principal but that there were several terms that remained outstanding. Defendants' counsel reiterated that there was no final settlement agreement, and none had been signed yet. This Court dismissed the case "with leave to move to reinstate the case, to enforce the settlement agreement or to extend the next specified date on or before 10/10/2016." *See*, Dkt. 104.

On **April 6, 2016**, the Parties' counsel appeared before Judge Cox for status. The Parties again stated that, while they were close, settlement had not yet been reached. *See*, Dkt. 105 ("Parties are close to executing settlement."). Judge Cox advised that if the case was reinstated, she would be available to assist with finalizing any agreement.

Since then, the Parties' counsel have exchanged several emails disputing the nature of a material aspect of the settlement agreement. On the one hand, NRC believes it may be subject to a legal obligation to a third party. On the other, Yanez has threatened that any action by NRC pursuant to that legal obligation would be a breach of the unsigned "binding and enforceable settlement agreement."

On **April 12, 2016**, Defendants' counsel spoke with Yanez's counsel as a final attempt to resolve this issue, and to obviate the need to file this instant motion. No such agreement could be reached. Yanez's counsel further rejected any notion that this instant motion could be filed as

an uncontested (though not "agreed") motion. Instead, Yanez's counsel threatened that he would seek attorney fees for responding to this motion, if this motion was filed.

As of the filing of this motion, there has been no notice that NRC is released from its potential legal obligation, and no signed settlement agreements have been exchanged. As such, judicial intervention is warranted. As the Parties' settlement agreement contemplates confidentiality, and out of an abundance of caution, Defendants seek leave to file their motion under seal.

### MOTION TO REINSTATE FOR LIMITED PURPOSE OF FINALIZING MATERIAL ASPECT OF SETTLEMENT AGREEMENT CONTEMPLATING CONFIDENTIALITY

Pursuant to the April 5, 2016 Dismissal Order (Dkt. 104), the Defendants seek reinstatement of this case for the limited purposes of adjudicating a specific material dispute regarding NRC's legal obligations, so that final settlement may be reached, and this matter terminated.

WHEREFORE, Defendants seek that this matter be reinstated for the limited purpose of adjudicating a material dispute regarding NRC's legal obligations.

### MOTION FOR LEAVE TO FILE UNDER SEAL

Defendants, like Plaintiff, seek to have the monetary terms of the settlement agreement enforced, and for it to comply with the Parties' legal obligations. Indeed, all Parties seem eager to finalize and terminate this matter. However, as the Parties have been unsuccessful on agreeing as to a material aspect of NRC's legal obligations versus the confidentiality provisions contemplated under the settlement agreement, judicial intervention is warranted. Concisely, Defendants face substantial risk due to this unresolved dispute regarding NRC's potential legal obligations. Defendants therefore desire to resolve this matter proactively through the courts

rather than responding to possible legal action for failure to comply with NRC's legal obligations or Plaintiff's potential cause of action for breach of the settlement agreement.

As the settlement contract contemplates confidentiality, due to the special circumstances of the matter which Defendants will promptly bring to the attention of the Court, and out of an abundance of caution, Defendants seek leave to file their motion under seal. *See*, N.D. Ill. L.R. 5.8, 26.2, and J. Shadur Standing Order regarding Protective Orders ¶1 ("No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval"). A copy of the motion Defendants wish to file under seal is enclosed with the Court's courtesy copy and will be emailed to Yanez's counsel, though it will not be filed, under seal or otherwise, until the Court adjudicates this motion.

As discussed more fully in the motion which Defendants seek leave to file under seal, Defendants are willing, at the Court's direction, to file an appropriate action, and/or, to deposit into the Clerk of the Court or otherwise escrow the settlement proceeds consistent with and according to the agreed upon installment schedule for final disbursement so as to guarantee the agreed proceeds are in place pending any judicial determination of the outstanding material aspect of the settlement agreement. As such, there is no attempt by Defendants to delay or otherwise impede settlement – only their desire to have the Court conclusively establish their legal obligations so that this matter may be resolved and terminated without foisting new and substantial risk upon the Defendants.

## **CONCLUSION**

Defendants seek judicial intervention to determine what, if any, obligations are due so that the Parties may finalize settlement and terminate this matter.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order:

A. Reinstating this matter for the limited purpose of finalizing a material aspect of the settlement agreement contemplating confidentiality;

B. Granting Defendants leave to file under seal their motion related to the unresolved material aspect of the settlement agreement contemplating confidentiality; and

C. Providing any other relief the Court deems reasonable and just.

                                                      Respectfully Submitted,

By:   s/ Noah A. Frank
       One of the Attorneys for Defendants NEIGHBORHOOD RESTORATION COMPANY, NEIGHBORHOOD ADJUSTERS, INC., MICHAEL FLORES, and ROBERT FLORES

Noah A. Frank
Jonathon D. Hoag
Sulema L. Medrano
SMITHAMUNDSEN, LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
312-894-3200
nfrank@salawus.com
jhoag@salawus.com
smedrano@salawus.com