IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VANESSA YANEZ, ) | |
|  Plaintiff, ) | No. 2015-CV-8676 |
| ) | |
|  v. ) | Hon. Judge Shadur |
| ) | |
| NEIGHBORHOOD ADJUSTERS, INC., NEIGHBORHOOD ) | Hon. Magistrate Judge Cox |
| RESTORATION COMPANY, BM TAXES & ) | |
| ACCOUNTING, P.C., MICHAEL D. FLORES, ROBERT ) | |
| FLORES, AND BEATA NIEMIEC, ) | |
|  Defendants. ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

NOW COME Defendants NEIGHBORHOOD RESTORATION COMPANY ("NRC"), NEIGHBORHOOD ADJUSTERS, INC., MICHAEL FLORES, and ROBERT FLORES (collectively, "Defendants"), by and through their attorneys, SmithAmundsen, and in opposition to Plaintiff's Motion to Enforce Settlement Agreement, state as follows:

### INTRODUCTION

Plaintiff's Motion to Enforce is unfounded and improper. While it is true the Parties have made substantial progress in executing a settlement agreement, final client approval and execution of a written agreement remains pending. There is not an executed settlement agreement. Moreover, notwithstanding that Plaintiff should not have filed a draft version of the Parties' **confidential** settlement agreement – and Defendants requested that Plaintiff promptly remove the filing – the document Plaintiff attached was **not** the updated version of the Agreement, which Plaintiff's counsel stated was the version he forwarded for his client's review. Based on Plaintiff's filing, it is not clear that Plaintiff has even reviewed the most recent version of the settlement document that was in place just prior to the developments with the IRS tax levy issue.

In good faith, Defendants are seeking determination of a pending legal dispute to allow the Parties to finalize and execute a settlement agreement. Out of respect for Plaintiff's prior indication that this was a sensitive matter that counsel would only discuss in chambers and off the record, Defendants attempted to resolve this directly with Plaintiff's counsel. After determining that judicial intervention was necessary, Defendants requested to address this matter under seal. Resolution of this important legal issue will allow the Parties to execute settlement. There has been no breach of any agreement and certainly not the proposed draft version Plaintiff attached to her Motion to Enforce.

## **ARGUMENT**

### I. PLAINTIFF DID NOT EVEN SIGN THE MOST RECENT VERSION OF THE PARTIES' DRAFT SETTLEMENT DOCUMENT.

Defendants have not engaged in any conduct in breach of any purported settlement agreement. As a preliminary matter, it is unclear what Plaintiff considers to be a "binding and enforceable agreement." Indeed, the version Plaintiff signed is a prior draft proposal promulgated by Plaintiff, which was subsequently revised by the Parties while negotiating a settlement agreement. This is not the most recent draft exchanged between or discussed by the Parties. Defendants are deeply concerned by Plaintiff's representation that Defendants agreed to the settlement agreement Plaintiff signed, when the sequence of communications clearly establishes otherwise.

In Plaintiff's response to Defendants' Motion to File under Seal [Doc. 110, at ¶7], Plaintiff actually highlights the flaws with her instant Motion to Enforce. Plaintiff's counsel acknowledges there were ongoing revisions and claimed that on April 6, 2016 he sent the latest

version to his client. (Doc. 110, at ¶7). Plaintiff's counsel then represented Plaintiff signed the document.[1] (*Id*. at ¶8).

Plaintiff failed to provide this Court with the version of the document that was actually attached to the referenced April 6, 2016 email communication. Inasmuch as the Parties' contemplated confidentiality during settlement negotiations, Defendants include the correct attachment to the April 6, 2016 email, labeled as **Exhibit A**, for *in camera* review. For ease of comparison, Defendants also include Plaintiff's initial proposal sent on March 31, 2016, labeled as **Exhibit B**, for *in camera* review. There is no mistake that Plaintiff signed her initial proposal, which Defendants did not agree to, and even Plaintiff's counsel acknowledges was subsequently revised in an attempt to reach a final agreement on a settlement document. (Doc. 110, at ¶7).

Lastly, Plaintiff conveniently left out of her representation to this Court that Defense counsel sent a communication to Plaintiff's counsel on the morning of April 6, 2016 stating they would review the updated version with their client to confirm agreement, and would be back in touch if additional adjustments were needed. The relevant exchange is provided below:

> Jonathan,
>
> I have reviewed the last version of the document that you shared. After accepting all edits, it has some minor cosmetic issues, e.g. extra "the" in "the Yanez" here and there, extra full stop (period) and a missing space. Rather than share another iteration, I have sent a pdf copy of it to Ms. Yanez (attached) and recommended that she sign it.
>
> I'm meeting with her at 5 pm today. Unless she requests additional time to review the document and/or proposes further changes, it is my intent to request her to sign it today. If you expect to share another revision, please get it to me by 2pm so I can review it and share it with her.
>
> On Wed, Apr 6, 2016 at 8:56 AM, Hoag, Jonathon <JHoag@salawus.com> wrote:
>
> Eric,

---

[1] A signed document was not provided to Defendants until such time as Plaintiff improperly attached it to her April 12, 2016 court filing [Doc. 108, Ex. 1].

> We will also review this updated version with our client and will confirm. I did note in your revisions to Paragraph 4 that in addition to removing the affirming statements from you, part of the statement from Ms. Yanez was deleted. The language is only with respect to Ms. Yanez and it is needed to be clear that all Company property and information has been returned. I have already made that adjustment (see attached) and I will let you know if there are any other adjustments needed after we review with our client, but I anticipate we are at the end here.
>
> Thank you,
>
> Jon
>
> **Jonathon Hoag**
> Partner
> **Smith**Amundsen LLC
> 3815 E. Main Street, Suite A-1, St. Charles, IL 60174
> ☎ Phone (630) 587-7914 | Fax (630) 587-7443 | ✉ JHoag@salawus.com |
>  http://www.salawus.com
> Please consider the environment before printing this e-mail
>
> This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

Shortly after this communication, Defense counsel did provide an immediate follow-up to Plaintiff's counsel upon learning that the updated agreement needed further adjustment due to legal concerns with the IRS tax levy. The relevant exchange is provided below:

> On Friday, April 8, 2016, <Michael_La_Mare@ilnd.uscourts.gov> wrote:
> Mr. Onyago:
>
> As per this Court's last minute order, the referral in this action was terminated and the case was returned to Judge Shadur. If you would like to move to reinstate the case, that motion will have to be noticed before Judge Shadur. Once the case is reinstated, Judge Shadur can decide whether or not he wants to refer the matter back to Judge Cox to work through the settlement issues you have. Simply put, this case is no longer before Judge Cox. Additionally, Judge Cox is not in chambers today and is not sitting April 11-13 (http://www.ilnd.uscourts.gov/judge-info.aspx?AAMMMLT83kE=), so we would not be able to hold a phone conference in any event.
>
> Thank you,
> Mike La Mare
>
> Michael J. La Mare
> Law Clerk to U.S. Magistrate Judge Susan E. Cox
> United States District Court for the Northern District of Illinois

219 S. Dearborn Street, Room 1068
Chicago, IL 60604
(312)-435-6025
Michael_La_Mare@ilnd.uscourts.gov

From: Eric Onyango <eriquelaw@gmail.com>
To: Michael_La_Mare@ilnd.uscourts.gov
Cc: proposed_order_cox@ilnd.uscourts.gov, "Frank, Noah A." <NFrank@salawus.com>, James Vanzant <james.g.vanzant@gmail.com>, "Medrano, Sulema" <Smedrano@salawus.com>, "Hoag, Jonathon" <JHoag@salawus.com>
Date: 04/08/2016 02:07 PM
Subject: Fwd: Yanez v. NRC 15-cv-8676

Dear Judge Cox,

On 4/7/16, Ms. Yanez executed the settlement agreement that the Defendants tendered to us in Court on 4/6/16. We received the communication below from Ms. Medrano, which we understand to mean that NRC believes it has a duty to report not just on payments to Ms. Yanez at the end of the year on Form 1099-MISC, but to preemptively provide the IRS with a copy of the confidential settlement agreement pursuant to an expired levy that was issued in July 2015.

We do not believe that the Defendants have any legal duty to contact any agent of the IRS pursuant to the expired levy, and that their only duty is to report payments made to Ms. Yanez when they file their quarterly (or yearly) returns as the case might be.

We have requested a copy of the authority that Defendants rely on for their position, but have not received a response and have no reason to believe that they will provide one.

Defendants' position could interfere with Ms. Yanez' on-going efforts to resolve her issues with the IRS and could jeopardize the entire agreement.

We are writing to request assistance through a phone conference with this matter to help us move forward without additional unnecessary litigation.

Please let us know if you can help mediate this issue. We appreciate your time in advance.


---------- Forwarded message ----------
From: **Medrano, Sulema** <SMedrano@salawus.com>
Date: Friday, April 8, 2016 11:58 AM
Subject: RE: Checks to Greystone entities [IWOV-Active.FID428318]
To: Eric Onyango <eriquelaw@gmail.com>, "Hoag, Jonathon" <JHoag@salawus.com>
Cc: "Frank, Noah A." <NFrank@salawus.com>

Eric,

> We received a response from our tax team regarding our client's responsibility to report the settlement in this matter. It is their opinion that NRC must contact the IRS agent that issued the Levy and inform them of the settlement agreement. With that said, we cannot agree to paragraph 8 of the draft settlement release. Please contact me to discuss this matter further. I am available until 2:00 pm this afternoon.
>
> **Sulema Medrano**
> **Smith**Amundsen LLC
>
> 150 North Michigan Avenue, Suite 3300, Chicago, Illinois   60601
>
> Phone (312) 894-3244 | Fax (312) 997=1722 | smedrano@salawus.com | http://www.salawus.com
>
> Please consider the environment before printing this e-mail

In short, prior to addressing this matter with the Court, Defendants attempted to reach a final settlement agreement to incorporate Defendants' legitimate concern about the IRS tax levy. At all times, the Parties contemplated that confidentiality would not apply if communications or disclosures were required by law. The Parties dispute NRC's specific legal obligations, demonstrating that the settlement agreement had not been finalized. Thus, judicial intervention has been requested to resolve this narrow, but important legal dispute.

## II.    PLAINTIFF FAILS TO IDENTIFY ANY BREACH.

Setting aside that Plaintiff has not identified a specific settlement agreement reached by the Parties, Plaintiff also fails to identify any breach. Plaintiffs' Motion to Enforce does not identify a breach. Plaintiff sets forth an argument stating "**if** NRC breaches its agreement…." (Doc. 108, at ¶20) (emphasis added). Defendants are not even threatening to breach any agreement. Indeed, Defendants are attempting to finalize a settlement agreement that accurately reflects NRC's legal obligations under the IRS tax levy. The Parties actively dispute the applicability of the July 2015 tax levy to the Parties' settlement. This is precisely the reason Defendants believe the prudent course is to proactively resolve this actual and live dispute with

the Court. Defendants' Motion to Adjudicate Tax Levy[2] clearly establishes that Defendants want to resolve this real controversy before executing the agreement to ensure legal obligations are properly incorporated into the Parties' agreement.

On March 31, 2016, Defense counsel advised that it appeared the tax levy may be expired, but it was obtaining additional input from tax attorneys. Defendants communicated they intended to maintain confidentiality, unless required to communicate the settlement or make disclosures by law, and they were actively reviewing those obligations in more detail. While negotiating terms for the settlement agreement, Defendants incorporated this position by clarifying that Plaintiff's proposed Paragraph 8 was not intended, nor should it be construed to prohibit obligations required by law. (*See*, **Exhibit A** at ¶8). This was *in addition* to language in the confidentiality provision acknowledging that disclosing the settlement agreement is permitted as required by law. (*See*, **Exhibit A** at ¶5).

On April 8, 2016, Defense counsel communicated that Paragraph 8 of the draft agreement should be removed in light of specific information indicating NRC still had legal obligations under the July 2015 tax levy. Plaintiff's counsel asserts there are no legal obligations under the July 2015 tax levy. Plaintiff's counsel further states that Plaintiff has reached an agreement with the IRS, and contradictorily that any communication from Defendants "could interfere with Ms. Yanez' on-going efforts to resolve her issues with the IRS and could jeopardize the entire agreement" (*see,* Attorney Onyango's email to Judge Cox, *supra*). It seems that Plaintiff should be able to provide the necessary proof from the IRS that the issues under the July 2015 IRS tax levy have been resolved and NRC has no legal obligations thereunder. To date, Defendants have

---

[2] This is the motion which Defendants sought leave to file under seal (Doc. 106). While Plaintiff's publishing the issue through her filings (Docs. 108-115) may have obviated the need to file under seal, out of an abundance of caution, the Defendants await the Honorable Court's determination of whether their motion should be filed publically or under seal.

not received any such confirmation, and as such face real and substantial risk of failing to comply with the July 2015 IRS tax levy. Consequently, there is a live and real controversy about the Parties' legal obligations related to disbursement of the settlement amounts.

Defendants do not seek an advisory opinion. The current dispute is not based on a hypothetical set of facts. The dispute relates to legal obligations under the July 2015 tax levy and relates to how settlement proceeds to this matter are to be handled under the law. In opposing Defendants' reasonable request that the Court resolve this live controversy, Plaintiff suggests that if Defendants contact the IRS, they then risk legal action for making such contact. (Doc. 115 at ¶5). It seems strange that Plaintiff would be so resistant to the Court rendering its determination, which would protect all Parties from subsequent IRS action under the tax levy; instead, Plaintiff's counsel threatens that Defendants' seeking a determination by the Court amounts to bad faith in settlement – despite Defendants' willingness to pay the settlement proceeds into the Clerk of Court or other means of escrow pending resolution of this legal issue[3]. As such, Defendants properly seek a declaration from this Court on this legal issue before such time as an adversary sees fit to begin suit, after damage has accrued. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. DE C.V.*, 28 F.3d 572, 577 (7th Cir. 1994) (recognizing that judicial intervention is proper "to avoid accrual of avoidable damages to one not certain of his rights and

---

[3] Both Judge Cox and this Honorable Court recognized that the Parties were able to reach settlement and were working out a final settlement agreement. This demonstrates good faith progress towards settlement, contrary to Plaintiff's sudden cry of bad faith. To Defendants' knowledge, claims of bad faith were never raised before Judge Cox. Indeed, Defendants continued to engage in discussion with Plaintiff regarding specific language of the settlement agreement while the IRS tax levy issue was investigated.

It is simply curious that Plaintiff now seeks to force settlement upon Defendants – and threaten further legal action if the IRS tax levy is addressed. Defendants struggle with wrapping their minds around why Plaintiff does not want this issue resolved. If she is correct – then there is no further issue, and the Parties may go their separate ways by signing the settlement agreement. But, if she is not correct – then there is a real and substantial risk to NRC which must be resolved.

8

to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued.").

## **CONCLUSION**

Defendants seek judicial intervention to determine what, if any, obligations are due so that the Parties may finalize settlement and terminate this matter.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order:

A. Denying Plaintiff and Greystone Restoration, Inc.'s Motion to Enforce (Doc. 108);

B. Granting Defendants' Motion to Adjudicate Levy and issue an Order that either (1) the July 13, 2015 IRS tax levy is active, and NRC has an obligation to contact the IRS to determine how much, if any, of the settlement proceeds must be surrendered subject to that tax levy; or (2) The July 13, 2015 IRS tax levy is expired, and NRC has no further obligation under the Levy and has no further liability under the tax levy, and as a result, the settlement proceeds may be paid directly to Yanez as contemplated by the confidential draft settlement agreement;

C. Enforcing the final settlement agreement exchanged between the Parties (Exhibit A), subject to the Court's determination of the July 2015 IRS tax levy; and

D. Awarding Defendants such further relief as is necessary and just.

Respectfully Submitted,

By: s/ Jon D. Hoag
One of the Attorneys for Defendants
NEIGHBORHOOD RESTORATION COMPANY, NEIGHBORHOOD ADJUSTERS, INC., MICHAEL FLORES, and ROBERT FLORES

Jon D. Hoag
SMITHAMUNDSEN LLC
3815 E. Main Street, Ste. A-1
St. Charles, IL 60174
(630) 587-7914
jhoag@salawus.com

Noah A. Frank
Sulema L. Medrano
SMITHAMUNDSEN, LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
312-894-3200
nfrank@salawus.com
smedrano@salawus.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| VANESSA YANEZ, | ) | |
|     Plaintiff, | ) | No. 2015-CV-8676 |
| | ) | |
|     v. | ) | Hon. Judge Shadur |
| | ) | |
| NEIGHBORHOOD ADJUSTERS, INC., NEIGHBORHOOD | ) | Hon. Magistrate Judge Cox |
| RESTORATION COMPANY, BM TAXES & | ) | |
| ACCOUNTING, P.C.,  MICHAEL D. FLORES, ROBERT | ) | |
| FLORES, AND BEATA NIEMIEC, | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF SERVICE

    I, Jon D. Hoag, an attorney, hereby certify that on April 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants.

                                        Respectfully Submitted,

                          By:    s/ Jon D. Hoag
                                    One of the Attorneys for Defendants NEIGHBORHOOD RESTORATION COMPANY, NEIGHBORHOOD ADJUSTERS, INC., MICHAEL FLORES, and ROBERT FLORES

Noah A. Frank, Esq.
Sulema L. Medrano, Esq.
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200 - Telephone
(312) 894-3210
nfrank@salawus.com
smedrano@salawus.com
*Attorneys for Defendants Neighborhood Restoration Company, Neighborhood Adjusters, Inc., Michael Flores, and Robert Flores*

Jon D. Hoag, Esq.
SmithAmundsen LLC
3815 E. Main Street, Suite A-1
St. Charles, IL 60174
(630) 587-7914 - Telephone
(630) 587-7960 - Facsimile
jhoag@salawus.com